**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| TOMMY W. STEELE, ) | |
| ID # 4227-15, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:16-CV-3153-B (BH) |
| ) | |
| LIBERTY TAX SERVICE, ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening. Before the Court is the plaintiff's *Application to Proceed in Forma Pauperis,* filed November 10, 2016 (doc. 4). Based on the relevant filings and applicable law, the application should be denied, and the case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

**I. BACKGROUND**

Tommy W. Steele (Plaintiff) brings suit under 42 U.S.C. § 1983 against Liberty Tax Service (Defendant) for allowing a woman to file a fraudulent tax return by forging his name and claiming that she was married to Plaintiff. (doc. 3 at 3-4.)[1] He contends that Defendant's agent did not require verification of the woman's identity or claims, and that this violated his civil rights to be secure in his person, papers, and effects. (*Id.* at 4.) He seeks leave to proceed *in forma pauperis*. No process has been issued in this case.

**II. THREE STRIKES**

As a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had at least three prisoner civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Steele v. Flemins*, No. 3:16-CV-471-N (N.D. Tex.) (dismissed based on three strikes and listing cases); *see also Steele v. Wilson*, No. 3:16-CV-1262-N (N.D. Tex.); *Steele v. Grubbs*, No. 3:16-CV-1117-M (N.D. Tex.); *Steele v. Brown*, No. 3:16-CV-1116-N (N.D. Tex.); *Steele v. Flemins*, No. 3:16-CV-471-N (N.D. Tex.). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. Plaintiff has made no allegations suggesting that he is in imminent danger of serious physical injury. He must therefore prepay the filing fee before he may proceed with his case.

### III. RECOMMENDATION

Plaintiff's application to proceed *in forma pauperis* should be **DENIED**, and his claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless he pays the full filing fee[2] prior to acceptance of this recommendation or before a deadline otherwise

---

[2] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

established by the Court.

   **SO RECOMMENDED this 14th day of November, 2016.**

                _____
                 IRMA CARRILLO RAMIREZ
                 UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                _____
                 IRMA CARRILLO RAMIREZ
                 UNITED STATES MAGISTRATE JUDGE